IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **James Antwan Seabrook,** | ) | Case No. 2:17-cv-2701-RMG-MGB |
| **Plaintiff,** | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| **Christine L. Riley, et al.,** | ) | |
| **Defendants.** | ) | |

James Antwan Seabrook ("Plaintiff") has filed this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee and is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint (DE# 1) be **summarily dismissed**, **without prejudice**, and without issuance and service of process, for the following reasons:

I. **Background**

Plaintiff is detained on pending state charges at the Berkeley County Detention Center located in Moncks Corner, South Carolina. A state records check indicates that Plaintiff was arrested on April 9, 2017 on the following charges: 1) 56-05-1220 - 2464 - Traffic / Hit and run, att. vehicle, duties of driver involved in accident, property damage 2271; 2) 16-25-0065(A) - 3814 - Domestic violence of a high and aggravated nature; 3) 2) 16-25-0065(A) - 3814 - Domestic violence of a high and aggravated nature; 4) 16-23-0490 - 549 - Weapons / Poss. weapon during violent crime; 5) 16-09-0340 - 2451 - Courts / Intimidation of court officials, jurors, or witnesses

(after April 1, 1996).[1] The Berkeley County Grand Jury returned an indictment on multiple charges against Plaintiff. See Indictment No. 0000-GS-08; and Berkeley County Court of Common Pleas, General Sessions, Case Nos. 2017A0820300098 and 2017A0820300094.[2]

## II. The Present Lawsuit

### A. Parties

Plaintiff filed this federal action on October 5, 2017. (DE# 1). He sues nine defendants. Two of the defendants are private persons sued in their individual capacity: 1) Katherine McKeithan; and 2) Christine Riley.[3] The remaining defendants are all law enforcement officers employed by the Hanahan Police Department: 3) Cpl. Ellen Lamphere; 4) R. Burke; 5) Cameron Blackmon; 6) Pfc. Scott; 7) Lt. Cassie Brooks; 8) Sgt. Johnathan Ellwood; 9) James Hancock. (DE# 1 at 3-6). Plaintiff sues all these officers in their official capacity

### B. Allegations

Plaintiff brings this action under 42 U.S.C. § 1983, alleging: 1) defamation of character; 2) "giving/making a false report or statement;" 3) [violation of S.C.] 17-13-50; 4) "false arrest/false imprisonment (kidnapping);" and [violation of] the Fourteenth Amendment. (DE# 1 at 6).[4]

In his "Statement of the Claim," Plaintiff complains that he was "detained by the Hanahan Police Officers … for a crime (hit and run) that I didn't commit and "walking out of a residence" that he claims he had lived in. (DE# 1 at 7, ¶ IV). Plaintiff complains that while he was initially detained by officers, he was told to be quiet and to not use his cell phone. (*Id.* at 12). According to

---

[1] See https://www.berkeleycountysc.gov/drupal/inmatelookup.

[2] See http://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.

[3] The Complaint also refers to Christine Riley as "Christine Fuller-Riley" or "Christine Fuller."

[4] The state statute, S.C. 17-13-50, is entitled "Right to be informed of ground of arrest; consequences of refusal to answer or false answer."

Plaintiff, Cpl. Lamphere, Sgt. Ellwood, and Pfc. Scott "coerced" Katherine McKeithan into giving an untrue statement about the "hit and run" incident under investigation. Plaintiff also alleges that Cpl. Lamphere "coerced" Katherine McKeithan and her daughter Christine Riley into giving several allegedly false statements about Plaintiff's acts of domestic violence, including several previous incidents involving Plaintiff in March and April of 2017. (*Id*. at 9).[5] Plaintiff indicates that the victim/witness statements led to him being arrested on April 9, 2017. (*Id*. at 9-11).

Plaintiff acknowledges that he received a preliminary hearing on July 28, 2017, but complains about testimony at the hearing. (*Id*. at 9-10). Specifically, he alleges that Cpl. Lamphere "allowed" Christine Riley to testify that Plaintiff had assaulted her with a knife on April 9, 2017. (*Id.*). Plaintiff complains that this statement was false and shows that the preliminary hearing was handled "in a prejudice[d] and bias[ed] manner." (*Id*. at 10-11). Plaintiff alleges that because the victims' statements were "false," he has been incarcerated since April 9, 2017 on "invalid warrants" in violation of the Fourteenth Amendment. (*Id*. at 11). For relief, Plaintiff seeks monetary damages of $10,000.00 from each defendant. (DE# 1 at 8, ¶ VI).

## III. Standard of Review

### A. Liberal Construction

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[5] One domestic violence incident is the subject of a previous civil action filed by Plaintiff. *See Seabrook v. Moncks Corner Police Dept., et al*., 2:13-cv-3548-BHH-RMG. There, police officers had responded to a call of domestic violence. They were given consent by Fuller and/or McKeithan to enter the hotel room where police found Plaintiff hiding under a bed. Officers observed illegal drugs in plain view and arrested Plaintiff, who later filed an unsuccessful suit against the officers. This Court may take judicial notice of such prior case. *See Philips v. Pitt Cty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"); *and see, e.g., Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C. Nov. 14, 2012), *adopted by* 2012 WL 6106421 (D.S.C. Dec. 10, 2012) (a court has "the right to take notice of its own files and records"), *appeal dism'd* (4th Cir. June 26, 2013).

*Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Review Under 28 U.S.C. §§ 1915, 1915A

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following cases: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff is proceeding IFP, and therefore, this case is subject to screening pursuant to 28 U.S.C. § 1915. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i-iii). The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal

theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. As for failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. A plaintiff must allege facts that actually support a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### C. The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391, 404 (2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610. If Plaintiff continues to file pleadings that are frivolous or malicious, or fail to state a claim for which relief may be

granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

## IV. Discussion

Review of the Complaint reflects multiple reasons why summary dismissal is appropriate.

### A. The Complaint Fails to State a Claim as a Matter of Law

Plaintiff generally refers to violation of his constitutional rights, and therefore, this action has been liberally construed as a civil action under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 676–77). The present Complaint fails to meet this minimal pleading standard. Even with liberal construction, the Complaint is subject to summary dismissal because the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B).

#### 1. State law claims are not actionable under § 1983

Although Plaintiff alleges state law claims, such as defamation, negligence, and violation of the state statute S.C. 17-13-50, the United States Supreme Court has explained that the federal civil rights statute 42 U.S.C. § 1983 does not impose liability for violations of any duties of care that may arise under state tort law. *DeShaney v. Winnebago Cty. Dep't of Social Servs.*, 489 U.S. 189, 199–203 (1989). For example, although Plaintiff alleges "defamation of character," this is entirely a matter of state law and does not involve any federal constitutional right. The United

States Supreme Court has specifically held that such claims are not cognizable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697–710 (1976) (holding that an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983); *see also, e.g., Jones v. SCDC*, Case No. 5:12–cv–3554–RBH-KDW, 2013 WL 3880175 (D.S.C. July 26, 2013) (same).[6]

Plaintiff also alleges that the state statute S.C. 17-13-50 ("Right to be informed of ground of arrest …") was violated, but this allegation is conclusory. *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (affirming dismissal of complaint because it failed to allege any factual allegations in support of his bare assertion). "Federal courts have insisted that … plaintiffs allege with specificity some minimum level of factual support in part to weed out at an early stage frivolous claims." *Id*. at 724. In addition to being conclusory, this claim arises entirely under state law. As a matter of law, this claim fails to state any sort of constitutional violation for purposes of 42 U.S.C. § 1983. Such legal deficiency cannot be remedied through amendment or the pleading of more specific facts. *See Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995).

Plaintiff also alleges that unspecified officers were "negligent" in investigating the charges against him before arresting him. In the first place, "[r]easonable law enforcement officers are not required to exhaust every potentially exculpatory lead or resolve every doubt about a suspect's guilt before probable cause is established." *Wadkins v. Arnold*, 214 F.3d 535, 541 & n.7 (4th Cir. 2000), *cert. denied*, 531 U.S. 993 (2000). Moreover, courts which have addressed the issue have held that "there is no cause of action for negligent investigation under § 1983 on the basis that

---

[6] To the extent that Plaintiff may be suing unspecified officers for a police report that contained a witness statement that Plaintiff contends is "false," longstanding South Carolina law provides that the contents of governmental records — such as judicial proceedings, case reports, investigative reports, and arrest records — do not give rise to liability for defamation. *See Padgett v. Sun News*, 278 S.C. 26, 292 S.E.2d 30, 32–33 (S.C.1982); *Heyward v. Cuthbert*, 15 S.C.L. (4 McCord) 354, 356–59 (1827).

deliberate acts are required." *McClurkin v. Byer*, Case No. 2:13–1507–RMG-BHH, 2013 WL 3746027, *6 (D.S.C. July 15, 2013), *affirmed by*, 555 F.App'x 277 (4th Cir. 2014). In other words, Plaintiff's negligence claim does not amount to a constitutional violation for purposes of § 1983.

As a matter of law, the Complaint's allegations of defamation, negligence and violation of S.C. 17-13-50 all fail to state any sort of constitutional claim for purposes of § 1983. Such legal deficiency cannot be remedied through more specific pleading of facts, and amendment would be futile. *Adams*, 40 F.3d at 76 n.1. Summary dismissal is appropriate.

### 2. **Private persons are not "state actors"**

Plaintiff contends that Defendants Katherine McKeithan and Christine Riley gave several "false" statements to police. For purposes of 42 U.S.C. § 1983, these Defendants are private persons who are not "state actors" and who did not act "under color of state law." They merely reported criminal activity or gave victim/witness statements to the police. Private non-governmental entities are not "state actors" and do not act "under color of state law" for purposes of § 1983. *See e.g., Brunson v. FBI*, Case No. 3:08-2965-JFA-BM, 2008 WL 4511049, *3 (D.S.C. 2008) ("the United States Constitution regulates only the Government, not private parties").

Although Plaintiff' contends that he was thereby denied "due process" under the Fourteenth Amendment, such allegation is conclusory and is based on a faulty legal premise. The United States Supreme Court has repeatedly emphasized that the "under color of state law" element of a § 1983 claim excludes "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *see also DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999), *cert. denied*, 529 U.S. 1033 (2000). Private activity is generally not "state action." *Id*. at 507 (quoting *Blum*, 457 U.S. at 1004).

Under 42 U.S.C. § 1983, the rights secured by the Constitution are protected only against infringement by governments. "This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998); *see also Asbury v. Tartarsky*, Case No. 8:13–cv–3364–RMG, 2015 WL 1120081, *4 n.5 (D.S.C.) (same), *affirmed* by 616 F.App'x 71 (4th Cir. Sept. 14, 2015). The present case alleges purely private conduct by Defendants McKeithan and Riley. Plaintiff's conclusory allegation that these private individuals made false statements that led to his arrest fails to state any sort of constitutional claim under § 1983. Therefore, Plaintiff's § 1983 claims against them are subject to summary dismissal.

### 3. **Plaintiff may not sue witnesses for testifying in court**

Plaintiff also complains about the sworn testimony of Defendants McKeithan and Riley in open court at his preliminary hearing and bond hearing. Plaintiff alleges that these witnesses provided "incorrect" information in the state court proceedings. The United States Supreme Court has held that a witness in a judicial proceeding may not be sued for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) ("§ 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding"); *Brice v. Nkaru,* 220 F.3d 233, 239 n.6 (4th Cir. 2000) (same). As these Defendants did not act under color of law, and as they are protected by absolute witness immunity, Plaintiff's § 1983 claims against them are subject to summary dismissal. *Briscoe*, 460 U.S. at 329-330 ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed under color of law."); *and see, e.g., Wood v. Moore,* Case No. 4:09-cv-996–RBH-TER, 2009 WL 1639573, *2 (D.S.C.

June 11, 2009) (summarily dismissing case where detainee complained that witness did not "give the right facts").[7] The Complaint fails to state a claim for relief as a matter of law. This legal deficiency cannot be remedied through more specific pleading of facts. *Adams*, 40 F.3d at 76 n.1.[8]

### 4. Witness statements and police reports

Although Plaintiff's allegations are conclusory and difficult to follow at times, he appears to complain that the police report was rendered inaccurate by inclusion of the allegedly "false" victim statements. The Complaint does not attribute the report to any particular officer. Regardless, there is no constitutional right to a completely accurate police report. *See Landrigan v. City of Warwick*, 628 F.2d 736, 745 (1st Cir. 1980) ("the mere filing of the false police reports, by themselves and without more, did not create a right of action in damages under 42 U.S.C. § 1983"); *Jarrett v. Twp. of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009) (finding no constitutional right to correct a police report). The Complaint fails to state a claim for relief as a matter of law.

### 5. No Alleged Acts by Four Defendants

The Complaint alleges no specific acts by four Defendants (R. Burke, Cameron Blackmon, Lt. Cassie Brooks, James Hancock). It is well-settled that an individual defendant is not liable under § 1983 absent personal involvement. *Iqbal*, 556 U.S. at 676–77 ("[l]iability under § 1983 ... requires personal involvement"). A plaintiff must allege that a defendant acted personally in the alleged deprivation of constitutional rights. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001), *cert. denied*, 537 U.S. 1045 (2002); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The

---

[7] Plaintiff also may not seek monetary damages from Cpl. Lamphere for testifying at any judicial proceeding. *See Briscoe*, 460 U.S. at 325 (holding that "nothing in § 1983's language suggests that a police officer witness … lack[s] protection against damages suits").

[8] Although Plaintiff alleges that Riley stated at the bond hearing that she had decided not to "press charges" against Plaintiff (DE#1 at 10), he fails to comprehend that the State, rather than a witness, decides whether to prosecute a crime. Contrary to Plaintiff's allegation, the state may prosecute against the wishes of witnesses. *Gramenos v. Jewel Cos.*, 797 F.2d 432, 434 (7th Cir. 1986), *cert. denied*, 481 U.S. 1028 (1987).

Complaint does not mention any acts by these Defendants. When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C. March 1, 2011) ("without such personal involvement, there can be no liability under section 1983"), *adopted by,* 2011 WL 2112100 (D.S.C. May 27, 2011).[9] The Complaint fails to state a claim against these Defendants, and they should be dismissed from this action. As the Complaint is entirely dismissible on various grounds as a matter of law, the pleading of additional facts would not affect the result here. Summary dismissal is appropriate.

.     **6. Alleged Illegal Arrest**

Plaintiff seeks monetary damages on the basis that alleged "false statements" by the victims rendered his arrest warrants invalid, thereby resulting in an allegedly illegal arrest. Section 1983 actions premised on alleged false arrest are analyzed as unreasonable seizures under the Fourth Amendment. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001). The Fourth Amendment prohibits unreasonable searches and seizures and provides that "no Warrants shall issue, but upon probable cause." U.S. Const., amend. IV. The Complaint appears to allege (based on purportedly false witness statements) that Plaintiff was arrested on invalid warrants for a (hit and run) crime he did not commit. However, police officers often reasonably arrest suspects "on the basis of oral reports from witnesses." *Gramenos v. Jewel Cos.*, 797 F.2d 432, 434 (7th Cir. 1986), *cert. denied*, 481 U.S. 1028 (1987).

---

[9] If Plaintiff is suing any Defendants based on their supervisory positions, it is well-settled that *respondeat superior* is generally not applicable in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff sues the officers in their official capacity, but does not name the municipality as a defendant. In any event, Plaintiff does not allege any basis for municipal liability, i.e. does not identify a specific policy or custom that allegedly caused constitutional injury. *Id.*

If Plaintiff is contending that he was arrested "without probable cause," the Complaint indicates that Plaintiff was arrested pursuant to arrest warrants. Under § 1983, a law enforcement officer "cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston–Salem*, 85 F.3d 178 (4th Cir. 1996)). Additionally, state records confirm that Plaintiff received a preliminary hearing and was indicted for multiple felony offenses.[10] A true bill of indictment is prima facie evidence of probable cause. *Law v. South Carolina Dept. of Corrections*, 368 S.C. 424, 629 S.E.2d 642 (2006); *Kinton v. Mobile Home Industries, Inc.*, 274 S.C. 179, 262 S.E.2d 727, 728 (1980). Summary dismissal is appropriate.

### B. **Abstention under *Younger v. Harris***

Review of the Complaint reflects additional reasons for summary dismissal. Although Plaintiff states that he seeks only monetary damages, he appears to be challenging his pretrial detention on the basis that the warrants for his arrest were "invalid" because they were based in part on "false" witness statements. This allegation is entirely conclusory, and in any event, Plaintiff may not interfere with his state criminal prosecution by means of this § 1983 action. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding that plaintiff was not entitled to federal court equitable relief against prosecution in state court where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good faith). The record reflects that Plaintiff is lawfully detained in custody at the Berkeley County Detention Center for pending state criminal charges pursuant to indictment.

---

[10] A preliminary hearing is an informal procedure used to determine whether there is probable cause to believe the defendant committed a felony. The probable cause requirement may be satisfied either by a preliminary hearing or by indictment by a grand jury. *United States v. Soriano–Jar quin*, 492 F.3d 495, 504 (4th Cir. 2007), *cert. denied*, 552 U.S. 1189 (2008). Plaintiff indicates, and state records reflect, that he received a preliminary hearing and was also indicted.

The United States Supreme Court has repeatedly emphasized the "fundamental policy against federal interference with state criminal prosecutions." *Younger*, 401 U.S. at 44-45; *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982) (reiterating that federal courts should abstain from interfering with ongoing state proceedings). Abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 432).

Here, the first criteria (i.e. an ongoing state prosecution) is satisfied. The United States Supreme Court has addressed the second criteria, explaining that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). As for the third criteria, courts have repeatedly held that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996), *cert. denied*, 517 U.S. 1220 (1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). The present Complaint indicates no exceptional circumstances for this federal court to interfere in Plaintiff's pending state prosecution.

Although Plaintiff alleges that he was "detained by the Hanahan Police Officers … for a crime (hit and run) that I didn't commit" (DE# 1 at 7, ¶ IV), he may not challenge his detention by means of a § 1983 action. He will be able to defend against the criminal charges in state court. In the event that Plaintiff is convicted in state court, any challenge to such state conviction would have to be timely raised in a habeas petition under 28 U.S.C. § 2254 after exhaustion of state

remedies. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "a claim for damages … [for] a conviction or sentence that has not been… invalidated is not cognizable under § 1983"); *Griffin v. Baltimore Police Dept.*, 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement). Even given the liberal construction afforded to *pro se* filings, Plaintiff cannot challenge his pretrial detention by means of this § 1983 action.

### IV. **Conclusion**

Even when liberally construed, the present Complaint is subject to summary dismissal. Specifically, the Complaint fails to state a plausible claim because: 1) state law claims, such as alleged defamation, negligence, and violation of S.C. 17-13-50, are not actionable under § 1983; 2) Defendants McKeithan and Riley are not state actors and did not act under color of state law; 3) Plaintiff may not sue witnesses for monetary damages for their testimony at judicial proceedings; 4) Plaintiff has no constitutional right to a police report that, in his opinion, is completely accurate; 5) the Complaint alleges no specific acts at all by four Defendants; 6) Plaintiff was taken into custody based on arrest warrants, received a preliminary hearing and was indicted, and therefore probable cause has been established; and 7) Plaintiff may not interfere with his state criminal prosecution, nor seek release from detention, by means of this § 1983 action.

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) should be **summarily dismissed**, without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 13, 2017
Charleston, South Carolina
Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).