# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| James Antwan Seabrook, ) | Civil Action No. 2:17-2701-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Christine L. Riley, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the complaint be summarily dismissed without service of process. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation. The complaint is dismissed with prejudice. This dismissal counts as a strike under the Prison Litigation Reform Act ("PLRA").

## I. Background

Plaintiff is detained on pending state charges at the Berkeley County Detention Center. Plaintiff was arrested on April 9, 2017, and is charged with vehicular hit and run, domestic violence of a high and aggravated nature (two counts), possession of a weapon during a violent crime, and intimidation of witnesses. Plaintiff filed this action under § 1983 on October 5, 2017 against nine defendants. Two defendants are private persons. Seven defendants are law enforcement officers.

Plaintiff complains that he was "detained by the Hanahan Police Officers . . . for a crime (hit and run) that I didn't commit." (Dkt. No. 1 at 7.) He asserts that Defendants Lamphere, Ellwood, and Scott (all law enforcement officers) coerced Defendant Katherine McKeithan into giving an untrue statement about the hit and run incident under investigation, and that Defendant Lamphere coerced Defendant Katherine McKeithan and her daughter, Defendant Christine Riley,

into giving false statements about Plaintiff's acts of domestic violence. Plaintiff also complains that at a preliminary hearing on July 28, 2017, Defendant Lamphere "allowed" Christine Riley to testify that Plaintiff had assaulted her with a knife on April 9, 2017. Plaintiff complains that because this statement was false, he has been incarcerated since April 9, 2017 on "invalid warrants" in violation of the Fourteenth Amendment. For relief, Plaintiff seeks monetary damages of $10,000.00 from each defendant. The Magistrate Judge recommended summary dismissal on October 13, 2017. Defendant filed objections to the Report and Recommendation.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

B.  **Prisoner Litigation Reform Act**

This action been filed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without payment of costs. The statute allows a district court to dismiss summarily an action that "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "With the Prisoner Litigation Reform Act ("PLRA"), Congress sought to reduce the number of frivolous lawsuits flooding the federal courts." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). "Congress did so in part by enacting 28 U.S.C. § 1915(g), a "three-strikes" statute providing that if a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed *in forma pauperis* but rather must pay up-front all filing fees for his subsequent suits." *Id.*

III. **Discussion**

The Court agrees that the complaint fails to state a claim against any Defendant for all the reasons set forth in the Report and Recommendation. Plaintiff's state-law claims of defamation, negligence are not actionable under § 1983. Defendants Katherine McKeithan and Christine Riley—private persons reporting crimes—are not state actors subject to suit under § 1983. A witness may not be sued under § 1983 for testimony given in a judicial proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983). Plaintiff fails to allege any wrongful act by Defendants Burk, Blackmon, Brooks, or Hancock. Plaintiff was arrested pursuant to arrest warrants, and under § 1983, a law enforcement officer "cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Finally, Plaintiff may not interfere with his state criminal prosecution with a § 1983 action. *See Younger v. Harris*, 401 U.S. 37, 45 (1971).

The Court however declines to adopt the Report and Recommendation insofar as it recommends dismissal without prejudice. The Court finds this action is frivolous and summarily dismisses it with prejudice for that reason. Under the *in forma pauperis* statute, a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's attempt to sue victims accusing him of domestic violence, while those charges are still pending against Plaintiff, is a manifest abuse of process lacking any arguable basis. Plaintiff will have every opportunity to prove his innocence to a jury of his peers at his criminal trial. The Court notes the charges against Plaintiff include, *inter alia*, witness intimidation. This suit appears to be a continuation of that course of conduct—an attempt by the accused to influence the testimony of witnesses to his allegedly criminal acts. If Plaintiff continues to file frivolous pleadings, he risks the accumulation of three strikes against him and the resulting denial of future requests for *in forma pauperis* status.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 8). The complaint is **DISMISSED WITH PREJUDICE**. This dismissal counts as a strike under the PLRA. The Court

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 27, 2017
Charleston, South Carolina